UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:11-cr-00155-SEB-TAB-7 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| PHILLIP MANNEBACH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00155-SEB-TAB |
| | ) | |
| PHILLIP MANNEBACH, | ) -7 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Phillip Mannebach has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 724. For the reasons explained below, his motion is **DENIED**.

**I.    Background**

In November 2012, a jury found Mr. Mannebach guilty of one count of conspiracy to distribute in excess of 500 grams of methamphetamine (mixture) (count 1) and one count of conspiracy to interfere with commerce by extortion (count 5)[1]. Dkt. 389; 676. "At trial, the government introduced evidence that Mannebach distributed methamphetamine from June 2010 until his November 2010 arrest. Further testimony showed that Mannebach kidnapped his stepson, Johnny Jones, and held him against his will in an attempt to recover $4800 that Jones stole from his dresser drawer." *United States v. Mannebach*, 551 F. App'x 283 (7th Cir. 2014).

Mr. Mannebach faced a guidelines range of 360 months to life imprisonment. Dkt. 613 at 18. The Court sentenced him to 240 months of imprisonment. Dkt. 643. The Bureau of Prisons

---

[1] The jury also found Mr. Mannebach guilty of conspiracy to possess a firearm in furtherance of a crime of violence (count 6). Dkt. 465. His conviction on this count was later vacated by the Court. Dkt. 599.

("BOP") currently reports Mr. Mannebach's anticipated release date (with good-conduct time included) as December 13, 2028. https://www.bop.gov/inmateloc/ (last visited August 1, 2024).

Mr. Mannebach has filed a motion for compassionate release *pro se*. Dkt. 724. Mr. Mannebach argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his sentence is unusually long and should be altered due to policy disagreements with regard to disparities between pure and adulterated methamphetamine; (2) he has participated in a program through which he has dropped out of gang affiliation; and (3) he has engaged in substantial rehabilitation while incarcerate. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary

3

and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Mannebach first contends that he is serving an unusually long sentence which should be reduced because of policy disagreements which many courts have expressed with regard to sentencing disparities between pure and adulterated methamphetamine. Dkt. 724 at 4.

The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited August 1, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[2]

Mr. Mannebach has, however, pointed to no "change in the law" that has produced a disparity between the sentence he is serving and the sentence he would likely receive today. He has cited several examples of judicial disapproval in other courts of the sentencing guidelines' treatment of pure and mixed methamphetamine and the disparity created by this different treatment. Dkt. 4–6. Any policy disagreement, however, cannot be construed as a "change in the

---

[2] The validity of this provision is currently in doubt and is the subject of appeals pending in front of the Seventh Circuit. *See e.g.*, *United States v. Black*, No. 24-1191 (7th Cir.), appeal by defendant from No. 1:05-cr-00070- 4, Dkt. 781, 2024 WL 449940 (N.D. Ill. Feb. 6, 2024). The Court need not address the validity of § 1B1.13(b)(6) in this matter, because, as discussed, the defendant does not meet the requirements this provision.

law" that would affect how Mr. Mannebach would be sentenced today much less demonstrate a "gross disparity" between his sentence and the sentence he would likely receive today. For that reason, Mr. Mannebach has not met his burden to show that his "unusually long sentence" is an extraordinary and compelling reason for release whether considered alone or in combination with any other reason.

That leaves Mr. Mannebach with two potentially extraordinary and compelling reasons for a sentence reduction: (1) his participation in a gang debrief program which resulted in his disaffiliation with the criminal organization he was previously a member of, and (2) his rehabilitation. Dkt. 724 at 7. The Court acknowledges that Mr. Mannebach's participation in the gang debrief and disaffiliation program is commendable and will likely be helpful in his pursuit of a law-abiding and productive life after release. However, the Court finds that participation in this program is simply a rehabilitative measure and cannot constitute a reason for release that is distinct from its rehabilitative effect on Mr. Mannebach. Rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). For this reason, the Court does not find that Mr. Mannebach's participation in the gang disaffiliation program and other aspects of his rehabilitation, whether considered alone, together, or in conjunction with any other reason, are extraordinary and compelling reasons to grant him compassionate release.

Even if the Court were to assume that Mr. Mannebach had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Mannebach is not

entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[3] Weighing in his favor, as acknowledged above, he has engaged in substantial rehabilitation efforts while incarcerated including gang disaffiliation. Dkt. 724 at 7. Weighing against him, Mr. Mannebach committed serious crimes and has an extensive criminal history including four prior felony convictions. Dkt. 613 at 10–13. Further, Mr. Mannebach is not scheduled to be released from prison until December 2028; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Mannebach early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Mannebach motion for compassionate release, dkt. [724], is **denied**.

**IT IS SO ORDERED.**

Date:   8/5/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

All Electronically Registered Counsel

Phillip Mannebach
Register Number: 06326-040
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887