UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00155-SEB-TAB |
| | ) | |
| PHILLIP MANNEBACH, | ) | -7 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Phillip Mannebach has filed a motion for reconsideration of the Court's denial of compassionate release. Dkt. 729. For the reasons explained below, his motion is **DENIED**.

I.      Background

In November 2012, a jury found Mr. Mannebach guilty of one count of conspiracy to distribute in excess of 500 grams of methamphetamine (mixture) (count 1) and one count of conspiracy to interfere with commerce by extortion (count 5)[1]. Dkt. 389; 676. "At trial, the government introduced evidence that Mannebach distributed methamphetamine from June 2010 until his November 2010 arrest. Further testimony showed that Mannebach kidnapped his stepson, Johnny Jones, and held him against his will in an attempt to recover $4800 that Jones stole from his dresser drawer." *United States v. Mannebach*, 551 F. App'x 283 (7th Cir. 2014).

Mr. Mannebach faced a guidelines range of 360 months to life imprisonment. Dkt. 613 at 18. The Court sentenced him to 240 months of imprisonment. Dkt. 643. The Bureau of Prisons ("BOP") currently reports Mr. Mannebach's anticipated release date (with good-conduct time

---

[1] The jury also found Mr. Mannebach guilty of conspiracy to possess a firearm in furtherance of a crime of violence (count 6). Dkt. 465. His conviction on this count was later vacated by the Court. Dkt. 599.

included) as November 4, 2028. https://www.bop.gov/inmateloc/ (last visited September 10, 2024).

In July 2024, Mr. Mannebach filed a motion for compassionate release, dkt. 724, which the Court denied, dkt. 726. The Court determined that Mr. Mannebach had not established extraordinary and compelling reasons for his release because (1) he did not establish that he is serving a sentence that would be likely be shorter if he were sentenced today due to a change in the law, and (2) his participation a gang debrief program was rehabilitative in nature and rehabilitation cannot constitute extraordinary and compelling reasons for release alone. *Id.* The Court further found that release was not warranted because the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in his favor. *Id.*

Mr. Mannebach has filed a motion requesting that the Court reconsider its order denying compassionate release. Dkt. 729. He argues that the gang debrief program is not merely rehabilitative because he was required to debrief federal agencies and provide valuable information to them. *Id.* at 1–2. He also argues that he should be released because he has a low likelihood of recidivism in combination with his age. *Id.* at 2. Finally, he argues that the Court should alter its § 3553(a) determination because he alleges the average federal murder sentence is 21 to 22 years. *Id.* at 4.

## II.  Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have

broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Motions to reconsider are governed by either Federal Rule of Civil Procedure 59(e), for motions to alter or amend judgment, or 60(b), for motions for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Mr. Mannebach is seeking relief from the Court's judgment, and the Court will treat his motion as a motion under Rule 60(b).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). A motion for reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

Mr. Mannebach first argues that the Court erred in determining that his participation in the gang debrief and disaffiliation program is not simply rehabilitative because he was required to provide useful information to law enforcement. Dkt. 729 at 1–2. Mr. Mannebach, however, has not met his burden to show that the Court should alter its prior order. First, Mr. Mannebach put forward this argument in his original motion, and the Court rejected it. Mr. Mannebach is therefore simply rehashing a rejected argument from the original motion. Next, the Court reiterates that his participation in the program is commendable, but the program as a whole, even the portions where Mr. Mannebach must participate in law enforcement interviews, is geared towards his rehabilitation. For these reasons, the Court finds no error in its determination that his participation in this program provides no greater substance than arguing that he is entitled to relief due to his rehabilitation.

Mr. Mannebach next argues that he should be released because of his low likelihood of recidivism and his "advanced age." Dkt. 729 at 2, 4. He claims these factors together create an

4

extraordinary and compelling reasons for release. First, the Court notes that this argument could have been brought in his original motion and is therefore improper for a motion to reconsider. However, even if it were proper for this procedural posture, we would not find that he this combination establishes extraordinary and compelling reasons for release. First, Mr. Mannebach is 59 years old. Dkt. 613 at 3. This is hardly an "advanced age" that may contribute to a finding of extraordinary and compelling reasons for release. Further, a low likelihood of recidivism as found by the BOP is an indication of rehabilitation, which cannot alone create extraordinary and compelling reasons for release. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). For these reasons, the Court finds that Mr. Mannebach has not met his burden to show that the Court erred in its prior order.

Finally, the Court does not find that Mr. Mannebach has shown any error in its analysis of the § 3553(a) factors. The Court does not find that the average murder federal murder sentence is relevant to these factors with regard to Mr. Mannebach's sentence which was well below the guidelines sentencing range. Mr. Mannebach has not argued anything new that could not have been brought in his original motion which would alter the Court's determination that the § 3553(a) factors weigh against releasing him.

### III.   Conclusion

For the reasons stated above, Mr. Mannebach's motion to reconsider, dkt. [729], is **denied**.

**IT IS SO ORDERED.**

Date:  9/11/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

All Electronically Registered Counsel

Phillip Mannebach
Register Number: 06326-040
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887